IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JACK GALARDI, *et al.*,        :
                               :
    Plaintiffs,                :
                               :
v.                             :   CIVIL ACTION NO.
                               :   1:09-CV-965-RWS
CITY OF FOREST PARK, *et al.*, :
    Defendants.                :
                               :
                               :
                               :

**ORDER**

After conducting a hearing on Plaintiffs' Motion for Preliminary Injunction [73], this Court directed Defendants to submit the record upon which the City of Forest Park (the "City") based its decision to enact the 2010 ordinance, as Plaintiffs are challenging the City's "secondary effects" analysis. Dkt. No. [86].

"A city ordinance prohibiting nude dancing in establishments licensed to sell liquor is content-neutral and therefore, subject to review under the O'Brien test." Flanigan's Enters. Inc. of Ga. v. Fulton Cnty., Ga., 596 F.3d 1265, 1276 (11th Cir. 2010).

AO 72A
(Rev.8/82)

> According to this test, . . . ordinances that incidentally impact protected expression should be upheld if they (1) are within the constitutional power of the government to enact; (2) further a substantial governmental interest; (3) are unrelated to the suppression of free expression; and (4) restrict First Amendment freedoms no greater than necessary to further the government's interest.

Peek-A-Boo Lounge of Bradenton, Inc. v. Manatee Cnty., 337 F.3d 1251, 1264 (11th Cir. 2003).

In establishing the second prong of the O'Brien test, the Eleventh Circuit has enacted a burden shifting scheme whereby the City must first establish that the "challenged ordinance furthers a substantial government interest." Daytona Grand, Inc. v. City of Daytona Beach, Fla., 490 F.3d 860, 873 (11th Cir. 2007). In doing so, the City need not conduct its own studies ". . . so long as whatever evidence the city relies upon is *reasonably believed* to be relevant to the problem that the city addresses." Flanigan's, 596 F.3d at 1278 (quoting Daytona Grand, 490 F.3d at 875) (emphasis added).

"Once a city has provided evidence that it reasonably believed to be relevant to its rationale for enacting the ordinance, plaintiffs must be given the opportunity to 'cast direct doubt on this rationale,' either by demonstrating that the city's evidence does not support its rationale or by furnishing evidence that

2

disputes the city's factual findings." Daytona Grand, 490 F.3d at 875-76 (quoting Peek-A-Boo Lounge, 337 F.3d at 1265). "If plaintiffs succeed in casting doubt on a municipality's rationale in either manner, the burden shifts back to the municipality to supplement the record with evidence renewing support for a theory that justifies its ordinance." Id. at 876 (quoting City of Los Angeles v. Alameda Books, Inc., 535 U.S. 425, 439 (2002).

Here, Defendants have met their initial burden to prove that their ordinance furthers a substantial governmental interest–here, the secondary effects of adult entertainment establishments. See Daytona Grand, 490 F.3d at 873-74 ("It has been by now clearly established that reducing the secondary effects associated with adult businesses is a substantial government interest that must be accorded high respect.")(internal quotations omitted). Defendants obtained six affidavits from former Crazy Horse employees who attested to prostitution, inappropriate touching, and the exchange of sexual favors to satisfy management's fines during their tenures. See, e.g. Aff. Henderson, FP 2009-11; Aff. Espinola, FP 2015; Aff. Daul, FP 2018-19; Aff. Heaton, FP 2021. Further, Defendants relied on approximately eighteen studies from other jurisdictions and the testimony of three expert witnesses–a professor of

criminology, an investigator who investigated Sandy Springs, Georgia adult entertainment establishments, and a land use planner–regarding secondary effects. This evidence is reasonably believed to be relevant to the City's enactment of the 2010 Ordinance.

As Defendants have met their initial burden, this Court **ORDERS** Plaintiffs to respond, if they so choose, within **FIVE** days of this Order. In their response, Plaintiffs should provide any evidence which "casts doubt" on Defendants' secondary effects evidence.

**SO ORDERED** this  3rd  day of December, 2010.

_____
**RICHARD W. STORY**
United States District Judge