IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JACK GALARDI, *et al.*, : | |
| : | |
| Plaintiffs, : | |
| : | |
| v. : | CIVIL ACTION NO. |
| : | 1:09-CV-965-RWS |
| CITY OF FOREST PARK, *et al.*, : | |
| Defendants. : | |
| : | |
| : | |
| : | |

## **ORDER**

After conducting a hearing on Plaintiffs' Motion for Preliminary Injunction [73], this Court directed Defendants to submit the record upon which the City of Forest Park (the "City") based its decision to enact the 2010 ordinance as Plaintiffs are challenging the City's "secondary effects" analysis to show likelihood of success on the merits. Dkt. No. [86].  Defendants did so, and this Court found that Defendants had satisfied their initial burden under Daytona Grand, Inc. v. City of Daytona Beach, Florida, 490 F.3d 860, 873 (11th Cir. 2007) that the "challenged ordinance further[ed] a substantial government interest"–here, secondary effects.  Id., see Order, Dkt. No. [89].  As

a result, this Court ordered the Plaintiffs, if they so chose, to respond under the Daytona Grand scheme by "casting doubt" on the evidence the City presented. Order, Dkt. No. [89].

However, instead of "casting doubt" on the evidence presented, Plaintiffs have filed a Notice of Objection challenging many of Defendants' exhibits as irrelevant under Federal Rule of Evidence 401. See Pl.'s Obj., Dkt. No. [91] at 1-2.  Plaintiffs request this Court to order Defendants to "limit [their] evidence to that which was known and understood by the members of the City Council at the time Defendant enacted its 2009 Ordinance, or to evidence which tends to prove or disprove secondary effects in *the present case*." Id. at 2.  The crux of Plaintiffs' argument is that evidence which the City relied upon in 2010 is irrelevant because this information was unknown at the time of the 2009 enactment.   Namely, because these ordinances are "substantially similar," Plaintiffs argue that this new evidence was only considered in 2010 because Defendants were litigating this dispute and ostensibly realized that their 2009 secondary effects analysis was not sufficient. See id.

However, the issue before the Court–in Plaintiffs' own words–is a motion to enjoin the 2010 Ordinance. Pl.'s Mot. Prelim. Inj., Dkt. No. [73-1] at

2

AO 72A
(Rev.8/82)

1 ("This action challenges Forest Park Code, Title 9, Chapter 12 (Ordinance 10-07), adopted March 9, 2010 . . . ).  Therefore, what is relevant is what the Defendants knew as of March 9, 2010–at the time of the 2010 enactment.  Whether the Defendants knew this information at the 2009 ordinance enactment is not dispositive of whether the City acted properly in enacting its 2010 ordinance.  Because Defendants' satisfied their *prima facie* showing that the 2010 ordinance furthered the substantial governmental interest of preventing the secondary effects of adult entertainment establishments, and Plaintiffs have chosen not to "cast doubt" on this evidence, Defendants have failed to show likelihood of success on the merits.  Therefore, Plaintiffs' Motion for Preliminary Injunction [73] is **DENIED**.

Plaintiffs' Motion to Extend Discovery [72] and Defendant's Motion for Leave to Exceed Page Limits [78] are also pending.  After due consideration, the Court finds that, because answers have not yet been filed, Plaintiffs' Motion to Extend Discovery [72] is premature and is, therefore, **DENIED**.  Defendant's Motion to Exceed Page Limits [78] is **GRANTED**.

**SO ORDERED** this __10th__ day of December, 2010.

_/s/ Richard W. Story_
**RICHARD W. STORY**
United States District Judge

AO 72A
(Rev.8/82)