**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| JACK GALARDI, *et al.*, : | |
| : | |
| Plaintiffs, : | |
| : | |
| v. : | CIVIL ACTION NO. |
| : | 1:09-CV-965-RWS |
| CITY OF FOREST PARK, *et al*., : | |
| Defendants. : | |
| : | |
| : | |
| : | |

**<u>ORDER</u>**

This case comes before the Court on Plaintiff's Motion for Reconsideration as to Plaintiffs' Request for Injunctive Relief [93]. The Court issued an Order on December 10, 2010, which was entered on December 13, 2010, denying Plaintiffs' Motion for Preliminary Injunction [73]. The Court reasoned that Plaintiffs' Objections [91] were improper, and because those objections did not go to the substance of the motion, Plaintiffs did not meet their burden. Dkt. No. [92]. Further, under the wording of this Court's December 3 Order [89], Defendants were required to substantively respond within 5 days of the Order date–or by December 8, 2010. However, it appears

that Plaintiffs discussed the matter with the Defendants who agreed that December 13 would be an acceptable response date.  Never, though, did the Plaintiffs seek leave of Court to change the *Court's* deadline–regardless of whether Defendants were amenable to such a change.

However, because this Court notes its Order was not entered until December 6, 2010, the Court will deem Plaintiffs' December 13, 2010 responsive submissions as timely and **GRANT** Plaintiffs' Motion for Reconsideration [93].  Fairness mandates such a result.  However, in the future, Plaintiffs should seek official leave of Court if a deadline issue arises.

After reviewing the Plaintiffs' submissions, this Court finds that the Plaintiffs have "cast doubt" on whether the City adequately considered the local secondary effects in Forest Park.  By way of example, Plaintiffs have produced: 1) affidavits by half of the former employee affiants who state their prior affidavits were not accurate; 2) an affidavit from a secondary effects "expert" which challenges twelve of the studies from other jurisdictions; 3) the City's own Comprehensive Plan for 2005-2025 which outlines a crime rate drop between 1998 and 2003 and describes the Jonesboro Road corridor, where Plaintiffs' establishments are located, as an emerging "international commercial

AO 72A
(Rev.8/82)

corridor;" and 4) by specifically "avoiding" the study in neighboring Fulton County which showed no secondary effects.

Therefore, because the Court finds the Plaintiffs have "cast doubt," Defendants are **DIRECTED**, if they so choose, to reply within **FIVE** days from the date of this Order (not later than December 21, 2010), responding to the Plaintiffs' "casting doubt" evidence by way of argument or additional evidence. See Daytona Grand, Inc. v. City of Daytona Beach, Fla., 490 F.3d 860, 876 (11th Cir. 2007).

**SO ORDERED** this  16th  day of December, 2010.

_____
**RICHARD W. STORY**
United States District Judge

3